UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEE C.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

23-CV-0171-LJV
**DECISION & ORDER**

---

On April 28, 2021, the plaintiff, Lee C. ("Lee"), brought this action under the Social Security Act ("the Act"). Docket Item 1. He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2] *Id.* On July 11, 2023, Lee moved for judgment on the pleadings, Docket Item 7-1; on September 8, 2023, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 11-1; and on September 22, 2023, Lee replied, Docket Item 12.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Lee applied for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). One category of persons eligible for DIB includes any adult with a disability who, based on his quarters of qualifying work, meets the Act's insured-status requirements. *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989). SSI, on the other hand, is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive both DIB and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court denies Lee's motion and grants the Commissioner's cross-motion.[3]

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

**I.    THE ALJ'S DECISION**

On September 29, 2022, the ALJ found that Lee had not been under a disability between January 1, 2017, and March 31, 2018.  *See* Docket Item 3 at 25-34.  The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. § 404.1520(a).  *See id.*

At step one, the ALJ found that Lee last met the insured status requirements of the Act through March 31, 2018, and had not engaged in substantial gainful activity since his alleged disability onset date of January 1, 2017.  *Id.* at 28.  At step two, the ALJ found that Lee suffered from three severe, medically determinable impairments: degenerative joint disease with tendonitis of both knees, right wrist and thumb derangement, and obesity.  *Id.*

At step three, the ALJ found that Lee's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See id.* at 28-29.  More specifically, the ALJ found that Lee's physical impairments did not meet or medically equal listing 1.18D

(abnormality of a major joint in any extremity) or the guidelines set forth in SSR 19-2p (obesity). *Id.* at 29.

The ALJ then found that Lee had the residual functional capacity ("RFC")[4] to perform "light work" as defined in 20 C.F.R § 404.1567(b) except that:

> [Lee] can lift or carry up to 20 pounds occasionally and 10 pounds frequently. [He] can stand or walk for up to four hours total in an eight-hour workday. [He] can sit for up to six hours total in a workday with regularly scheduled breaks. [He] can occasionally use both lower extremities for foot control operation, and never climb ladders, ropes[,] or scaffolds and never balance. [He can] occasionally crouch, kneel, crawl, and climb ramps and stairs. [He can] frequently stoop, finger[,] and handle objects with the dominant right upper extremity.

*Id.* at 29.

At step four, the ALJ found that through the date last insured, Lee could not perform any past relevant work. *Id.* at 32. But given Lee's age, education, and RFC, the ALJ found at step five that Lee could have performed substantial gainful activity as a cashier, addresser, callout operator, or escort vehicle driver through the date last insured. *Id.* at 33; *see Dictionary of Occupational Titles* 211.462-010, 1991 WL 681266 (Jan. 1, 2016); *id.* at 209.587-010, 1991 WL 672992; *id.* at 237.367-014, 1991 WL 672653., 919.663-022, 1991 WL 687886. Therefore, the ALJ found that Lee had not been under a disability or entitled to DIB between January 1, 2017, and March 31, 2018. *See* Docket Item 3 at 34.

---

[4] A claimant's RFC is the most he "can still do despite his limitations . . . in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

## II. ALLEGATIONS

Lee makes one argument: that the ALJ's RFC determination was not supported by substantial evidence. Docket Item 7-1. More specifically, he argues the ALJ relied on his own lay opinion in crafting the RFC and failed to tether the RFC to the record. *Id.* at 8. For the reasons that follow, this Court disagrees.

## III. ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). But that does not mean that the RFC needs to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019). As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not error. *See* 20 C.F.R. § 404.1545; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

Lee says that the ALJ erroneously "relied on his own lay interpretation of the raw medical data to find [him] not disabled." *See* Docket Item 7-1 at 9. And he suggests that the absence of any "opinion that contained functional limitations to inform the ALJ's RFC assessment" proves the point. *See Id.* at 9. But Lee is incorrect on both counts.

5

First, Lee asserts that the evidence in his case "was not the sort that permitted the ALJ to make an RFC [sic] without relying on opinion evidence."  *Id.* at 11.  "[T]o determine an RFC without opinion . . . evidence, the record must show limitations that have measured, qualified, or described themselves in a way that permits reasonable inferences of the claimant's RFC."  *Balistrieri v. Saul*, 2020 WL 2847501, at *4 (W.D.N.Y. June 2, 2020) (internal quotation marks and citations omitted).  Contrary to Lee's argument, the medical record is sufficient here.

For example, and as the ALJ observed, examination notes from March 2017 noted that Lee was able to function effectively on his treatment plan, could walk frequently and exercise for at least thirty minutes three times a week, and had no motor or sensory deficits.  *See id.* at 30 (citing Docket Item 4 at 694, 696, 698).  Likewise, the ALJ addressed examination notes from December 2017, which found that Lee had "full strength and no instability in both knees."  *Id.* (citing *id.* at 1070-1082).  Those treatment notes are consistent with the ability to perform light work—that is, work that might require a good deal of walking and standing, or sitting with some pushing or pulling or arm or leg controls.[5]  *See generally Johnson v. Colvin,* 669 F. App'x 44, 46 (2d Cir. 2016) (holding that "[t]aken together, a [claimant's] testimony and [a doctor's] letter constitute 'relevant evidence [that] a reasonable mind might accept as adequate to support' the conclusion that [the claimant] could perform 'light work.'" (quoting

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling or arm or leg controls."  20 C.F.R. §§ 404.1567(b), 416.967(b).  The exam findings that the ALJ cited are consistent with that level of work, and Lee offers nothing in the records to the contrary.

6

*Richardson,* 402 U.S. at 401)); *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109-10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's determination, such evidence is not required when 'the record contains sufficient evidence form which an ALJ can assess the [claimant's] residual functional capacity.'").  And as the Second Circuit has held, treatment notes alone can be substantial evidence adequate to support an RFC finding. *See Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8-9 (2d Cir. 2017).[6]

What is more, the ALJ incorporated several additional limitations based on the medical examination results and Lee's own testimony.  For example, progress notes from December 2017 indicated that Lee had a reduced range of motion in his right knee that made it difficult for him to kneel, bend, or stand straight.  Docket Item 3 at 1065.  As a result, the ALJ found that Lee could only occasionally crouch, kneel, crawl, or use both lower extremities to operate foot controls and that he could never balance or climb ladders, ropes, or scaffolds.  Docket Item 3 at 29.  Lee reported that he could not lift the 50 pounds that he had to lift as a restaurant server, *id.* at 1075, and he testified that he could not lift anything over 20 pounds, *id.* at 60, so the ALJ limited him to lifting 20 pounds only occasionally and 10 pounds frequently.  *Id.* at 29.  To account for Lee's testimony that he had difficulty standing and walking, *id.* at 52, 55, 61, the ALJ limited Lee to standing or walking only a total of four hours a day and to sitting up to six hours with regularly scheduled breaks, *id.* at 29, limitations consistent with Lee's ability to

---

[6] In fact, the Second Circuit held that treatment notes alone can be sufficient to support an RFC that is inconsistent with a treating physician's opinion to the contrary. *See* 676 F. App'x at 7-9. If that is so, then treatment notes certainly are adequate to support an RFC when there is no opinion evidence to the contrary.

7

frequently walk and exercise for at least thirty minutes three times per week.  *See* Docket Item 4 at 694, 696, 698.

Perhaps most important, Lee points to nothing in the record suggesting that he was more limited than the ALJ found.  Lee argues that "greater limitations . . . would likely have resulted in [his] being found disabled," and he lists several such "limitations."  *See* Docket Item 7-1 at 15.  But Lee cites no medical evidence that might support those limitations.  *See id.*  And because Lee had the burden of establishing those limitations, his argument fails for that reason as well.[7]  *See Barry v. Colvin,* 606 F. App'x 621, 622 (2d Cir. 2015) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits.").

Lee also argues that the ALJ "should have developed the record for an opinion pertaining to the relevant period, such as that of a medical expert."  *See* Docket Item 7-1 at 11.  In fact, Lee seems to suggest that absent extraordinary circumstances, an opinion is necessary to formulate an RFC.  *See* Docket Item 7-1 at 11("[g]enerally, the ALJ must rely on a medical opinion" in determining a claimant's RFC, unless the evidence is "described in a way that would permit" an RFC determination).  But as noted above, a claimant's RFC need not be grounded in opinion evidence.  *See Monroe*, 676 F. App'x at 8 ("Where, however, 'the record contains sufficient evidence from which an

---

[7] Accepting Lee's argument would effectively shift the burden of proof with respect to the RFC determination.  As noted above, that burden rests with the claimant.  *See Schillo,* 31 F.4th at 70 ("The claimant bears the burden of proof in the first four steps of the sequential inquiry." (internal quotation marks and citations omitted)).  So because Lee does not cite any medical opinion or record evidence demonstrating that he was more limited than the RFC found, his argument fails.  *Cf. Smith,* 740 F. App'x at 726 ("Here, Smith had a duty to prove a more restrictive RFC, and [he] failed to do so.").

ALJ can assess the [claimant's] residual functional capacity,' a medical source statement or formal medical opinion is not necessarily required." (brackets in original) (quoting *Tankisi v. Comm'r of Soc. Sec.,* 521 F. App'x 29, 34 (2d Cir. 2013)).  And because the record contained sufficient evidence to determine the RFC, the ALJ had no obligation to further develop the record by obtaining an opinion.  *See id.*

Finally, Lee suggests that this Court should "balance[]" the Second Circuit's holdings in *Schillo* and *Matta* with *Balsamo v. Chater,* 142 F. 3d 75 (2d Cir. 1998), and he asserts that "[t]his court has read *Matta* and *Balsamo* together multiple times—and ultimately found that an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings."  *See* Docket Item 7-1 at 12-13.  More specifically, he argues that "[b]y relying on bare medical findings in assessing the RFC, as the record was devoid [of] other functional information to assess such things, the ALJ was obviously substituting his own lay opinion or those of medical experts, implicating *Balsamo*."  *See* Docket Item 7-1 at 13.  But unlike *Balsamo*, where the ALJ used raw medical data to discount a physician's opinion about a claimant's limitations, here there is no medical opinion supporting Lee's contention that he was more limited than the RFC found.[8]

---

[8] Moreover, the treating physician rule relevant in *Schillo, Matta,* and *Balsamo* is not applicable here.  For claims filed on or after March 27, 2017, such as Lee's, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Angela H.-M. v. Comm'r of Soc. Sec.*, 631 F. Supp. 3d 1, 7 (W.D.N.Y. 2022) (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)) (internal quotation marks omitted). Instead, the ALJ evaluates the opinion evidence and "articulate[s] ... how persuasive [he or] she finds the medical opinions in the case record." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)).

In sum, the ALJ's RFC determination was based on Lee's testimony and the medical records, including extensive treatment notes. *See* Docket Item 3 at 30-32. And Lee does not cite any medical opinion or record evidence supporting his assertion that he was more limited than the ALJ found. Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta,* 508 F. App'x at 56, and because the ALJ did just that, the ALJ's RFC determination was supported by substantial evidence, and this Court will not second guess it.

## **CONCLUSION**

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error. Therefore, and for the reasons stated above, Lee's motion for judgment on the pleadings, Docket Item 7-1, is DENIED, and the Commissioner's cross-motion for judgment on the pleadings, Docket Item 11-1, is GRANTED. The complaint is DISMISSED, and the Clerk of Court shall close the file.

SO ORDERED.

Dated: January 19, 2024
Buffalo, New York

*Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE